J-S57006-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SAROEUN CHABB, | : | |
| | : | |
| Appellant | : | No. 2031 EDA 2013 |

Appeal from the Judgment of Sentence July 9, 2013,
Court of Common Pleas, Philadelphia County,
Criminal Division at No(s): CP-51-CR-0006511-2011,
CP-51-CR-0006512-2011 and CP-51-CR-0006513-2011

BEFORE:  DONOHUE, MUNDY and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED OCTOBER 10, 2014**

Saroeun Chhab ("Chhab") appeals from the judgment of sentence entered on July 9, 2013 by the Court of Common Pleas of Philadelphia County, Criminal Division, following his convictions for murder of the third degree,[1] aggravated assault,[2] and firearms not to be carried without a license.[3]  After careful review, we affirm.

The trial court summarized the relevant facts of this case as follows:

> Police Officer James Bragg testified that on 4/3/10, he responded to 2326 S. 8th Street in Philadelphia at 2:21 A.M. pursuant to a radio call for a person with a gun. He came in contact with an Asian male who was lying on the sidewalk bleeding from his chest. He

---

[1]  18 Pa.C.S.A. § 2502(c).

[2]  18 Pa.C.S.A. § 2702(a).

[3]  18 Pa.C.S.A. § 6106(a)(1).

placed him in the back of his police car and transported him to Jefferson Hospital where he was later pronounced dead.

\*     \*     \*

Sinny Thon testified that on 4/3/10, she lived at 2326 S. 8th Street with her family. They were having a cookout which began at approximately 3:00 – 4:00 P.M. The decedent (Ranny Thon) was her cousin. [Chhab], who she referred to as 'Jumbo[,'] came to the cookout with his girlfriend, Sarim Rin. There was an argument between this witness and another female, Diane, who was asked to leave but would not. [Chhab] threw a bottle at Diane. Diane's boyfriend (Charlie) and [Chhab] became involved in a physical altercation which was broken up by Ranny Thon, John Ly and Loueb Mak. [Chhab] received a bloody lip. The police came to the scene and left. [Chhab] accused everyone of trying to 'jump him[.'] He was angry when he left and said he was going to come back with a gun. [Chhab] got into a grey Acura and threw his girlfriend out of the car. Approximately ten (10) minutes later [Chhab] came back and asked to speak to his girlfriend. He lifted his shirt and flashed a revolver.

Ms. Thon, Sarim and Ranny came out of the house. Ranny was trying to calm [Chhab]. The two shook hands and then [Chhab] pulled out the revolver and shot Ranny in the chest. Other people tried to subdue [Chhab] and get the gun from him but he was shooting wildly. Ms. Thon ran into her house, lifted her shirt and saw blood from a graze wound on her stomach. She was taken to Methodist Hospital where she was treated and released.

\*     \*     \*

John Ly testified that he … then jumped on top of [Chhab] along with [Loueb] Mak and they were trying to grab the gun. A shot rang out and he and [Loueb] Mak started running. Mr. Ly ran behind a car

- 2 -

and [Chhab] shot him in the back. He also saw [Chhab] shoot [Loueb] Mak. He then saw [Chhab] shoot into the open door of 2326 S. 8th Street. He heard [Chhab]'s gun click as he attempted to fire again and saw [Chhab] run to a silver Acura parked at 8th and Ritner Streets.

Mr. Ly was taken to Jefferson Hospital where he was treated and released. [Loueb] Mak testified that … a bullet hit him in his right arm. Mr. Mak was taken by police to Jefferson Hospital where he remained for three to five days.

\* \* \*

Detective Sean Mellon testified that he is assigned to the fugitive unit of the Homicide Division. On 4/6/10 he was assigned to locate [Chhab]. He developed information regarding [Chhab]'s family members and various people he might know. He and his partner, Detective Walters, went to various addresses searching for [Chhab] over the next [11] months with no success. On 3/12/11, [Chhab] was stopped in a silver Acura sedan in Philadelphia with Sarim Rin. He was arrested. The Detective further testified that in the beginning of his investigation he contacted Immigration and Customs Enforcement (ICE) and they pulled their records and said that [Chhab] was involved in a possible deportation matter. The Court sustained the defense's objection to this testimony.

Trial Court Opinion, 3/21/14, at 1-5 (record citations omitted).

On March 21, 2013, following four days of trial, the jury found Chhab guilty of the above-referenced crimes. On July 9, 2013, the trial court sentenced Chhab to a total of 25 to 50 years of incarceration. On July 15, 2013, Chhab filed a timely notice of appeal. On October 22, 2013, the trial court ordered Chhab to file a concise statement of errors complained of on

appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On October 28, 2013, Chhab timely filed his Rule 1925(b) statement.

On appeal, Chhab raises the following two issues for our review:

> 1. Did not the lower court err in denying [Chhab]'s request for a mistrial after the assistant district attorney improperly and impermissibly referenced and alluded to [Chhab]'s silence multiple times during his closing argument, and did not the failure to grant a mistrial shift the burden of persuasion to [Chhab] and deprive [him] of his right to due process and a fair trial under the Pennsylvania and United States Constitutions?

> 2. Did not the lower court err in denying [Chhab]'s request for a mistrial where Detective Mellon's testimony that [Chhab] was involved in a deportation matter was an inadmissible statement of unrelated, prior criminal activity which, by virtue of its prejudicial impact, required that a mistrial be granted, and did not [Chhab] sufficiently preserve this claim for appeal?

Chhab's Brief at 4.

For his first issue on appeal, Chhab argues that the trial court erred in denying his motion for a mistrial after the prosecutor referenced Chhab's decision to remain silent and not testify during his closing argument. Chhab's Brief at 15-20. Chhab maintains that the prosecutor's reference to his silence during closing arguments wrongly shifted the burden of persuasion to Chhab, depriving him of his right to due process and a fair trial under both the United States and Pennsylvania Constitutions. *Id.*

We begin by acknowledging our standard of review for claims arising out of a trial court's decision not to declare a mistrial:

> A motion for a mistrial is within the discretion of the trial court. [A] mistrial [upon motion by one of the parties] is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial. It is within the trial court's discretion to determine whether a defendant was prejudiced by the incident that is the basis of a motion for a mistrial. On appeal, our standard of review is whether the trial court abused that discretion.
>
> An abuse of discretion is more than an error of judgment. On appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised by the trial court was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Hudson*, 955 A.2d 1031, 1034 (Pa. Super. 2008) (quoting *Commonwealth v. Tejeda*, 834 A.2d 619, 623 (Pa. Super. 2003)). Additionally,

> [o]ur standard of review for a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion. In considering this claim, our attention is focused on whether the defendant was deprived of a fair trial, not a perfect one. Not every inappropriate remark by a prosecutor constitutes reversible error. A prosecutor's statements to a jury do not occur in a vacuum, and we must view them in context. Even if the prosecutor's arguments are improper, they generally will not form the basis for a new trial unless the comments unavoidably prejudiced the jury and prevented a true verdict.

***Commonwealth v. Lopez***, 57 A.3d 74, 84 (Pa. Super. 2012) (quoting

***Commonwealth v. Bedford***, 50 A.3d 707, 715-16 (Pa. Super. 2012)),

*appeal denied*, 62 A.3d 379 (Pa. 2013).

Our Supreme Court has stated that "[i]t is beyond question that a defendant has an absolute right to refrain from testifying." ***Commonwealth v. Rodriguez***, 626 A.2d 141, 144 (Pa. 1993). "It is also well settled that a prosecutor cannot comment on a defendant's failure to take the stand in his own defense." ***Id.***; ***see also*** 42 Pa.C.S.A. § 5941(a).[4] A prosecutor must not refer, "even by implication, to a defendant's failure to testify." ***Commonwealth v. Paddy***, 800 A.2d 294, 316 (Pa. 2002). "A comment is forbidden if the language used by the prosecutor is intended to create for the jury an adverse inference from the failure of the defendant to testify." ***Commonwealth v. Wright***, 961 A.2d 119, 142 (Pa. 2008). However, "[t]his rule is not so broad … as to encompass prosecutorial

---

[4] Section 5941(a) provides as follows:

> **(a) General rule.--**Except defendants actually upon trial in a criminal proceeding, any competent witness may be compelled to testify in any matter, civil or criminal; but he may not be compelled to answer any question which, in the opinion of the trial judge, would tend to incriminate him; nor may the neglect or refusal of any defendant, actually upon trial in a criminal proceeding, to offer himself as a witness, be treated as creating any presumption against him, or be adversely referred to by court or counsel during the trial.

42 Pa.C.S.A. § 5941(a).

references to questions logically raised by the evidence or lack thereof, or fair responses to the assertions of defense counsel[.]" **Paddy**, 800 A.2d at 317 (citations omitted). "[P]rosecutorial misconduct does not occur unless the unavoidable effect of the comments at issue was to prejudice the jurors by forming in their minds a fixed bias and hostility toward the defendant, thus impeding their ability to weigh the evidence objectively and render a true verdict." **Id.** at 316.

Chhab takes issue with the following portions of the prosecutor's closing argument:

> Mr. Lim: [...] If this isn't first degree, then what is it because they are not telling you?
>
> Mr. Goodman: Objection.
>
> The Court: Sustained.
>
>           *     *     *
>
> Mr. Lim: [...] This isn't first[-]degree murder but they aren't going to tell you what it is. See, murder is defined as the killing --
>
> Mr. Goodman: Objection.
>
> The Court: Sustained. They don't have to tell you what it is.
>
>           *     *     *
>
> Mr. Lim: [...] It is a willful, deliberate, premeditated killing, with only one intent, the specific intent to kill. He can't come back now and say what, I was too drunk. I was too drunk to understand and appreciate what I was doing.

Mr. Goodman: Objection.

The Court: Sustained.

Mr. Lim: I could, therefore, not formulate the specific intent to kill. How can he say that --

Mr. Goodman: Objection.

The Court: Let me clarify. The [d]efendant didn't say that and he doesn't have to say that and that is not what was said. So move on, Counsel.

Mr. Lim: How can we say this is anything --

Mr. Goodman: Objection. How can he say.

The Court: You can say Mr. Goodman say or you say but stick to that.

N.T., 3/21/13, at 106, 113-16. At the conclusion of the prosecutor's closing arguments, Chhab moved for a mistrial because the prosecutor "alluded to the Defendant's silence" at several points during his closing argument. ***Id.*** at 121.

We conclude that the trial court did not abuse its discretion in denying Chhab's request for a mistrial. Although Chhab claims that the prosecutor impermissibly referred to his decision not to testify at his trial multiple times throughout his closing argument, the record reveals that the prosecutor did not reference Chhab's choice to remain silent. ***See id.*** at 106, 113-16. We do not read the prosecutor's remarks to indicate that he created for the jury an adverse inference from the defendant's decision not to testify. ***See***

***Wright***, 961 A.2d 119, 142; ***see also*** N.T., 3/21/13, at 106, 113-16. The prosecutor likewise did not imply that the jury should have held Chhab's decision not to testify against him. ***See*** N.T., 3/21/13, at 106, 113-16.

To the contrary, a careful reading of the prosecutor's closing argument shows that he was responding to the arguments made by defense counsel during the defense's closing argument. During defense counsel's closing argument, he asserted that Chhab was intoxicated and that he did not possess the specific intent required to commit first-degree murder. ***See id.*** at 85, 94-103. Defense counsel declared, "[t]here is absolutely no way in the world that this was a first degree murder case given the whole circumstances." ***Id.*** at 102. Thus, for example, where the prosecutor said "[t]his isn't first[-]degree murder but they aren't going to tell you what it is[,]" or "[h]e can't come back now and say what, I was too drunk … I was too drunk to understand and appreciate what I was doing[,]" the prosecutor was referring directly to arguments made by defense counsel. ***See id.*** at 113, 115. Therefore, the prosecutor did not reference Chhab's decision not to testify, but rather his remarks were fair responses to the assertions made by defense counsel. ***See Paddy***, 800 A.2d at 317.

Moreover, our Supreme Court has stated that where a "trial court gives adequate cautionary instructions, declaration of a mistrial is not necessary." ***Commonwealth v. Bryant***, 67 A.3d 716, 728 (Pa. 2013). Here, the trial court sustained each of Chhab's objections to the portions of

the prosecutor's remarks with which Chhab takes issue and provided several cautionary instructions based on those comments. N.T., 3/21/13, at 106, 113-116. The trial court also gave the following instructions in its charge to the jury:

> It is entirely up to the [d]efendant in every criminal trial, ladies and gentlemen, whether or not to testify. He has an absolute right founded on the Constitution to remain silent. You must not draw any inference of guilt or any other inference adverse, meaning negative, to the [d]efendant from the fact that he did not testify.

*Id.* at 159. Furthermore, the trial court afforded Chhab the opportunity to supply any further instructions he wished for the court to give to the jury, which he declined. *See id.* at 123. Therefore, the trial court did not err in denying Chhab's motion for a mistrial.

For his second issue on appeal, Chhab claims that the trial court erred in denying his motion for a mistrial following Detective Sean Mellon's ("Detective Mellon") testimony. Chhab's Brief at 21-24. Detective Mellon stated that while he was investigating Chhab's whereabouts, he contacted Immigration and Customs Enforcement ("ICE") who informed him that Chhab was involved in a possible deportation matter. N.T., 3/21/13, at 40. Chhab argues that Detective Mellon's statements were unduly prejudicial and "allowed the jury to improperly conclude that [Chhab] was engaged in prior criminal activity." *Id.* at 21.

We conclude that Chhab has waived the second issue that he raises on appeal for failing to make a timely motion for a mistrial. Rule 605(b) of the Pennsylvania Rules of Criminal Procedure provides that "[w]hen an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed. Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity." Pa.R.Crim.P. 605(b). Our Court explained that "in order for a motion for a mistrial to be timely, it must be made when the alleged prejudicial event occurs." *Commonwealth v. Boring*, 684 A.2d 561, 568 (Pa. Super. 1996).[5] In *Boring*, the defendant's counsel objected to a witness's reference to a polygraph test and the trial court sustained the objection. *Id.* The defendant's counsel, after the prosecutor concluded his direct examination of the witness, motioned for a mistrial. *Id.* This Court held that the "motion for a mistrial was interposed a considerable length of time after the allegedly prejudicial reference was made" and therefore, "counsel's untimely request for a mistrial was not before the court properly and hence was not a basis for the granting of a mistrial." *Id.*; *see also Commonwealth v. Smith*, 410 A.2d 787, 790-91 (Pa. 1980) (request for mistrial because of witness's reference to polygraph test was untimely when

---

[5] *Boring* implicated Rule 1118(b) of the Pennsylvania Rules of Criminal Procedure. Rule 1118 was renumbered to Rule 605, effective April 1, 2001. *See* Pa.R.Crim.P. 605(b).

made approximately two or three minutes after the allegedly prejudicial statement).

This case is virtually indistinguishable from *Boring*. Here, the challenged statement took place during the prosecutor's direct examination of Detective Mellon. *See* N.T., 3/21/13, at 40. After Detective Mellon made the allegedly prejudicial remark, Chhab objected and the trial court sustained his objection. *Id.* at 40-41. However, Chhab did not request a mistrial at this point. *See id.* Indeed, the prosecutor proceeded to complete his direct examination of Detective Mellon, the trial court then admitted several of the prosecution's exhibits into evidence, and the Commonwealth rested. *See id.* at 41-48. It was at this time that Chhab requested a mistrial. *Id.* Accordingly, Chhab did not move for a mistrial when the prejudicial event occurred, and his motion was not properly before the trial court. *See* Pa.R.Crim.P. 605(b); *Boring*, 684 A.2d at 568. Therefore, Chhab has waived this issue on appeal.[6]

Judgment of sentence affirmed.

---

[6] We further note that even if not waived, Chhab's highly attenuated conclusion that the reference to the possible deportation is the equivalent of a reference to prior criminal activity would not provide any basis for relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2014